UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ELAINA DICKINSON,

                       *Plaintiff*,

v.

COUNTY OF GENESEE, GENESEE
COUNTY SHERIFF'S OFFICE,
CITY OF BATAVIA, CITY OF
BATAVIA POLICE DEPARTMENT,
WILLIAM SHERON, JR in his personal
capacity, and SHAWN HEUBUSCH,
in his personal capacity,

                       *Defendants*.

_____

**CIVIL ACTION NO.**

**JURY TRIAL DEMANDED**

Plaintiff, Elaina Dickinson, as and for her Complaint, by her undersigned attorneys, alleges as follows:

## PRELIMINARY STATEMENT

1. Elaina Dickinson brings this action against Defendants County of Genesee, Genesee County Sheriff's Office ("GCSO"), City of Batavia, City of Batavia Police Department ("BPD"), William Sheron, Jr., and Shawn Heubusch (collectively, "Defendants"), seeking damages, attorneys' fees, costs, and any other relief deemed just and appropriate due to Defendants' violation of Gordon's rights under the First and Fourteenth Amendments to the United States Constitution, New York State Human Rights Law, and New York Executive Law.

2. Ms. Dickinson owns and operates Parise's Auto & Towing ("Parise's") located in Batavia, New York. Since 2018, Parise's has been the only woman-owned auto and towing business operating in Genesee County. Upon taking over Parise's from her father, Ms. Dickinson has been subjected to Defendants consistent, systematic, and intentional discrimination.

1

3.    Although Defendants have a policy that mandates which tow company is contacted, this policy has been selectively enforced and ignored to intentionally bypass Ms. Dickinson's company – even though Parise's is centrally located on Main Street, Batavia, New York.

4.    Defendants' consistently and intentionally bypassed Parise's because it is the only woman-owned company in a male-dominated industry.  Accordingly, Defendants' actions violate Ms. Dickinson's rights under the U.S. Constitution and New York State Human Rights Law.

**THE PARTIES**

5.    Plaintiff Elaina Dickinson ("Ms. Dickinson") is a female business owner.  At all relevant times, Ms. Dickinson has resided in Genesee County, New York.

6.    Defendant County of Genesee was and is a municipal corporation organized and existing under the laws of the State of New York, with offices located at Old Courthouse, 7 Main Street, Batavia, New York.

7.    Defendant GCSO was and is a municipal agency organized and existing under the laws of the State of New York, with offices located at 165 Park Road, Batavia, New York 14020.  At all relevant times, GCSO operated, oversaw, and was fully responsible for the Genesee County Emergency Dispatch Center, located at 7960 State Street Road, Batavia, New York 14020, and was at all times relevant herein under the possession, control, and authority of Defendant GCSO.

8.    Defendant City of Batavia was and is a municipal corporation organized and existing under the laws of the State of New York, with offices at One City Centre, Main Street, Batavia, New York.

9.    Defendant BPD was and is a municipal agency organized and existing under the laws of the State of New York, with offices located at 10 West Main Street, Batavia, New York 14020.

10.    Defendant William Sheron, Jr., at all times relevant to this Complaint, was the duly elected Sheriff of Defendant County of Genesee and as such is the policymaking official within

2

Defendant Genesee County Sheriff's Office, carrying out the directives and enforcing and enacting policies and acts, both as recommended by him and as endorsed by the Defendant Genesee County Sheriff's Office and Defendant County of Genesee. He is responsible, by law, for enforcing the rules and regulations of the State of New York and County of Genesee for ensuring that employees of the Genesee County Sheriff's Office obey the laws of the State of New York and the United States.

11. Defendant Shawn Heubusch, at all times relevant to this Complaint, was the duly elected Police Chief of Defendant City of Batavia Police Department and as such is the policymaking official within Defendant City of Batavia Police Department, carrying out the directives and enforcing and enacting policies and acts, both as recommended by him and as endorsed by the Defendant City of Batavia and Defendant City of Batavia Police Department. He is responsible, by law, for enforcing the rules and regulations of the State of New York and County of Genesee for ensuring that employees of the Genesee County Sheriff's Office obey the laws of the State of New York and the United States.

## JURISDICTION & VENUE

12. The Plaintiff's legal claims are based on alleged violations of First and Fourteenth Amendments to the United States Constitution, as alleged under 42 U.S.C. § 1983, as well as violations of New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, and New York State Human Rights Law, N.Y. Exec. Law § 296-d *et seq.* Jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

13. Venue in this action is proper pursuant to 28 U.S.C. §1391 as a substantial part of the events, acts or omissions giving rise to plaintiffs' claims occurred in this District.

## FACTUAL BACKGROUND

### *Defendant's Tow Rotation Lists*

14. GCSO's Emergency Services Dispatch Center exclusively handles all emergency calls for the GCSO.

15.    GCSO's Emergency Services Dispatch Center has agreed with many local municipalities to handle their emergency calls, including the City of Batavia Police Department.

16.    Neither the GCSO nor BPD maintains its own tow services. Accordingly, tow companies can apply and, upon approval, be placed on a tow rotation list ("Tow Rotation List"). The approved tow companies are then contracted by the GCSO and BPD to provide towing services. Although the GCSO takes all of BPD's emergency calls and coordinates tow services, the BPD maintains its own Tow Rotation List.

### *Parise's Auto & Towing*

17.    In 1977, Ralph Parise ("Ralph") opened Parise's Auto & Towing ("Parise's") in Batavia, New York. In the same year, Parise's applied and was placed on the GCSO and BPD Tow Rotation Lists and are still on both Lists.

18.    Ralph owned and operated Parise's until May 1, 1986, when his son in law, Mark Dickinson ("Mark") took over as owner and operator. Mark operated Parise's from May 1, 1986, through December 31, 2017. Mark owned Parise's from May 1, 1986, through September 2021.

19.    On January 1, 2018, Mark's daughter, Elaina Dickinson, took over the day-to-day operations of Parise's as the Operations Manager.

20.    Shortly after Mark's death in September 2021, Ms. Dickinson became majority owner of Parise's.

### *GCSO's Policy*

21.    Since at least 2008, GCSO has maintained a policy related to conditions and procedures for requesting and regulating towing services ("Policy"). Attached hereto as **Exhibit A** is a true and correct copy of the Policy.

22.    The Policy establishes the rules that must be followed by the GCSO when determining which tow company on a Tow Rotation List is called. Specifically, the Policy states, "[T]o assure

4

timely towing, the nearest available towing service will be called when the need arises.  Calls for service shall be rotated among those towing services on the approved towing list to insure *equitable distribution*."  *See* Exhibit A, Section II. B. (emphasis added).

23.    Although the Policy specifies exactly how the GCSO must determine which tow company to call, this Policy has consistently been enforced or ignored in a discriminatory way.

### *GCSO's and BPD's Discriminatory Actions*

24.    Upon information and belief, since Ms. Dickinson took over operating duties of Parise's in 2018, there have been 4-5 tow truck companies on BPD's Tow Rotation List and 5-7 tow truck companies on GCSO's Tow Rotation List.

25.    Since 2018, Parise's has been the only woman-operated/woman-owned tow truck company on GCSO's and BPD's Tow Rotation Lists.

26.    Upon information and belief, prior to Ms. Dickinson taking over Parise's from her father, there has never been a woman-owned tow truck company on either GCSO's or BPD's Tow Rotation Lists.

27.    Thus, once Ms. Dickinson took over operating responsibilities in 2018, she was the first woman-operated tow truck company on Defendants' Tow Rotation Lists.

28.    In 2018, Mark Dickinson and Elaina Dickinson met with Genesee County Sheriff William Sheron, Undersheriff Gregory Walker, and Deputy Joseph Graff to notify them that Ms. Dickinson would be taking over Parise's "as the start of the third generation."

29.    Unfortunately, rather than treating Parise's the same as they have under Ms. Dickinson's father and grandfathers' tenure as owner/operators, Defendants began to take actions to ensure Parise's no longer received tow service calls it was entitled to under Defendants' own Policy.

30.     After taking over in 2018, Ms. Dickinson began to recognize that Parise's was continuously being passed over for tow truck service calls for other male-owned tow truck companies

5

on the Tow Rotation Lists.  This was especially shocking since Parise's was/is centrally located in Batavia, New York and is regularly the closest tow company to an accident/emergency.

31.     In addition to providing Parise's less tow service calls than the male-owned business on the Tow Rotation Lists, the calls Parise's did receive consistently were for tow services with little to no monetary value, such as a car that was pulled over and required a tow that wasn't registered.  Owners of unregistered cars that require a tow commonly do not have insurance or the ability to pay for the tow services.

32.     Defendants also intentionally avoided directing calls to Parise's that involved 'heavy vehicles' – tow services for accidents involving large vehicles such as tractor trailers.  Tow services that involve 'heavy vehicles' result in the highest paying type of tow services available from the Tow Rotation Lists.

33.     Thus, Defendants' discriminatory actions against Ms. Dickinson – the only woman who owned and operated a tow truck company on the Tow Rotation Lists – included (i) providing male-owned companies on the Tow Rotation Lists significantly more calls than Parise's in violation of its own Policy – even though Parise's was often the closest tow company to an emergency; (ii) the calls Parise's did receive were intentionally tow services that had little to no monetary value; and (iii) bypassing Parise's for the most lucrative and appealing tow service calls involving heavy vehicles.  All of Defendants' actions are in direct violation of its Policy mandating that the Tow Rotation Lists be strictly followed to "insure equitable distribution." *See* Exhibit A, Section II. B.

34.     Ms. Dickinson made multiple attempts to notify Genesee County, GCSO, City of Batavia, and BPD officials – including Defendant Sheron, Defendant Heubusch, and County of Genesee County Manager Landers – that the GCSO and BPD tow truck service calls were inequitably distributed to male-owned tow companies in direct violation of the Policy.

35.     Instead of addressing Ms. Dickinson's concerns of inequitable distribution of tow truck service calls, Defendants retaliated by providing Parise's with even less tow service calls, a higher

percentage of tow service calls with little to no monetary value, and practically no service calls involving heavy vehicles.

### *Statistical Analysis of Discrimination and Retaliation*

36.    From 2019 through 2023, eight tow companies were on GCSO's Tow Rotation List; four of which were centrally located in the City of Batavia: Parise's, Dan's, Dickinson's, and L&L.  Attached as **Exhibit B** is a true and correct copy of GCSO Memo with Chart.

37.    From 2019 through 2023, Parise's annual tow services calls decreased by 55.75%. During that same period, two of the Batavia located companies' annual tow service didn't decrease at all, in fact they *increased* – one company saw their annual calls *double* over that same time period  *Id.*

38.    From 2019 through 2023, Parise's received the lowest number of calls by a significant margin when compared with the other male-owned tow companies located in Batavia:

- In 2019, Parise's received 6.5% of the total amount of calls; the other male-owned companies located in Batavia received 14.6%, 9%, and 18% of the total calls.  *Id.*

- In 2020, Parise's received 4.5% of the total amount of calls; the other male-owned companies located in Batavia received 16.7%, 10.9%, and 22% of the total calls.  *Id.*

- In 2021, Parise's received 3.1% of the total amount of calls; the other male-owned companies located in Batavia received 15.8%, 13.2%, and 21.7% of the total calls. *Id.*

- In 2022, Parise's received 4.1% of the total amount of calls; the other male-owned companies located in Batavia received 20.2%, 17.7%, and 11.4% of the total calls. *Id.*

- In 2023, Parise's received 3.5% of the total amount of calls; the other male-owned companies located in Batavia received 20.0%, 21.8%, and 12.5% of the total calls. *Id.*

39.    Despite Ms. Dickinson using every avenue available to her to attempt to address the Defendants' wrongful actions, Defendants' discrimination and retaliation has only continued.  Upon information and belief, in 2024 and 2025, Parise's again received a significantly lower amount of tow service calls when compared to the male-owned tow companies.

### *Defendants Take Parise's Off Tow Rotation List*

40.    In the face of Defendants' continuous and growing discrimination and retaliation, Ms. Dickinson continued to reach out to Defendants' officials in hopes that the inequitable distribution of tow service calls would be appropriately addressed.

41.    Unfortunately, Ms. Dickinson's efforts only resulted in further retaliation.

42.    On July 27, 2023, Defendants BPD and Shawn Heubusch arbitrarily removed Parise's from the BPD Tow Rotation List.  Attached hereto as **Exhibit C** is a true and correct copy of the July 2023 Emails.

43.    Parise's was not told the reason it was removed from BPD's Tow Rotation List.  Parise's received no notice that it were at risk of being removed form BPD's Tow Rotation List.

44.    Then on August 10, 2023, Defendants BPD and Shawn Heubusch reinstated Parise's. *See* Ex. C.

45.    Again, Parise's was not told the reason it was removed from or reinstated to BPD's Tow Rotation List.

46.    Only when asked by GCSO's Director of Emergency Communications, Frank Riccobono, did Defendant Heubusch admit that the removal was retaliation for Ms. Dickinson's complaints related to inequitable distribution.  When Riccobono asked for "the reasoning for the suspension", Heubusch responded, "Basically it was their attitude and constant complaints about equity...That is always one of her complaints when we speak is the inequity in the county."  Attached hereto as **Exhibit D** is a true and correct copy of the December 2023 Emails.

47.    Riccobono confirmed that Defendant GCSO also retaliated against Parise's and Ms. Dickinson, stating, "[S]ame thing with us.  This time she bypassed the Sheriff and went to the county manager.  My staff hates calling them…" *Id.*

48.    As a direct result of Defendants' wrongful conduct, Ms. Dickinson has suffered

significant economic and emotional distress, attorneys' fees and costs, and such other damages as may become apparent.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 – U.S. Constitution Amendment XIV**
**Denial of Equal Protection on the Basis of Sex**
**(Against All Defendants)**

49.     Plaintiff hereby incorporates by reference each and every paragraph set forth above as if fully set forth herein.

50.     Defendants intentionally, purposefully, and willfully discriminated and retaliated against Ms. Dickinson on the basis of sex.

51.     At all relevant times, Defendants acted under the color of state law in willfully and purposefully depriving Plaintiff of constitutionally guaranteed rights.

52.     Defendants violated Ms. Dickinson's Fourteenth Amendment equal protection rights by, including, but not limited to, their knowledge of and conscious failure to act and/or remedy the discrimination of Ms. Dickinson, failing to remedy wrongs after being notified of ongoing issues of discrimination and inequitable distribution, failing to follow policies, acting with deliberate indifference to Ms. Dickinson's rights, and by treating Ms. Dickinson differently and less favorably than similarly situated males by providing male-owned companies on the Tow Rotation Lists more calls than Parise's in violation of its own Policy, intentionally providing Parise's calls tow services that had little to no monetary value, and bypassing Parise's for the most lucrative and appealing tow service calls involving heavy vehicles that were alternatively sent to male-owned companies.

53.     Defendants Sheron and Heubusch, acting in their individual capacity, violated Ms. Dickinson's Fourteenth Amendment rights by, including, but not limited to, their knowledge of and conscious failure to act and/or remedy the discrimination of Ms. Dickinson, gross negligence in supervising or ensuring supervision of the GCOS and BPD officials' handling of complaints from Ms. Dickinson, failing to remedy wrongs after being notified of ongoing issues of discrimination and

inequitable distribution, failing to follow policies, and/or acting with deliberate indifference to Ms. Dickinson's rights.

54.    Defendants deprived Ms. Dickinson of her rights by willfully ignoring the Policy that required equitable distribution of tow service calls.

55.    Defendants County of Genesee, City of Batavia, GCSO, and BPD are liable for the deprivation of the Plaintiff's Fourteenth Amendment rights. *See Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 694 (1978) ("[W]hen execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury ... the government as an entity is responsible under § 1983").

56.    Defendants' violations of the Equal Protection Clause proximately caused, and continues to cause, Ms. Dickinson to suffer significant economic and emotional damages.

57.    As a direct and proximate result of Defendants' violations of the Fourteenth Amendment, Plaintiff suffered, and will continue to suffer damages in an amount subject to proof at trial.

58.    Plaintiff is entitled to monetary, compensatory, and punitive damages from Defendants, in addition to attorneys' fees, costs, and prejudgment interest.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 – U.S. Constitution Amendment I
### First Amendment Retaliation
### (Against All Defendants)

59.    Plaintiff hereby incorporates by reference each and every paragraph set forth above as if fully set forth herein.

60.    Plaintiff engaged in protected expression each time that she reported inequitable distribution and unfair treatment related to the Tow Rotation Lists. In each instance, Plaintiff requested that Defendants' address her concerns.

61.    Defendants, acting under color of state law, deprived Plaintiff of her rights secured by the First Amendment to the U.S. Constitution in that Defendants, without justification, retaliated against

Plaintiff for her participation in protected free speech.

62.     In response to Plaintiff's protected speech when she made repeated reports of inequitable distribution and unfair treatment related to the Tow Rotation Lists, Defendants caused Plaintiff to receive less tow service calls and less monetarily beneficial service calls, in direct violation of their Policy.

63.     Defendants' actions in response to Plaintiff's free speech were pursuant to and consistent with the GCSO's and BPD's custom, policy, or practice.

64.     Defendant Heubusch, acting in his individual capacity, violated Ms. Dickinson's First and Fourteenth Amendment rights by removing her from BPD's Tow Rotation List in retaliation of her protected speech.

65.     Defendant Sherron, acting in his individual capacity, violated Ms. Dickinson's First and Fourteenth Amendment rights by having knowledge of Ms. Dickinson's continued complaints of inequitable distribution and the GCSO's retaliatory actions in response to her complaints, and not acting to prevent the unlawful retaliation.

66.     Defendants County of Genesee, City of Batavia, GCSO, and BDP failed to adequately train its staff regarding the First Amendment's prohibitions on retaliation.

67.     Defendants County of Genesee, City of Batavia, GCSO, and BPD are liable for the deprivation of the Plaintiff's Fourteenth Amendment rights. *See Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 694 (1978) ("[W]hen execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury ... the government as an entity is responsible under § 1983")

68.     As a direct and proximate result of Defendants' violations of the First and Fourteenth Amendments, Plaintiff suffered, and will continue to suffer damages in an amount subject to proof at trial.

69.     Plaintiff is entitled to monetary, compensatory, and punitive damages from Defendants,

in addition to attorneys' fees, costs, and prejudgment interest.

## THIRD CAUSE OF ACTION
### 42 U.S.C. ¶ 1983 – U.S. Constitution Amendment XIV
### Fourteenth Amendment – Denial of Due Process
### (Against Defendants City of Batavia, BPD, and Heubusch)

70.    Plaintiff hereby incorporates by reference each and every paragraph set forth above as if fully set forth herein.

71.    Defendants, acting under color of state law, deprived Plaintiff of her due process rights secured by the Fourteenth Amendment to the U.S. Constitution in that Defendants, without justification, removed her company from the Tow Rotation List.

72.    Defendant Heubusch, acting in his individual capacity, violated Ms. Dickinson's Fourteenth Amendment due process right by removing her company from BPD's Tow Rotation List in without due cause.

73.    Defendants City of Batavia and BPD are liable for the deprivation of the Plaintiff's Fourteenth Amendment rights. *See Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 694 (1978) ("[W]hen execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury ... the government as an entity is responsible under § 1983").

74.    As a direct and proximate result of Defendants' violations of the Fourteenth Amendments, Plaintiff suffered, and will continue to suffer damages in an amount subject to proof at trial.

75.    Plaintiff is entitled to monetary, compensatory, and punitive damages from Defendants, in addition to attorneys' fees, costs, and prejudgment interest.

## FOURTH CAUSE OF ACTION
### Discrimination and Retaliation in Violation of New York State Human Rights Law,
### New York Executive Law §§ 290, 296
### (Against Defendants County of Genesee, City of Batavia, GCSO, and BPD)

76.     Plaintiff hereby incorporates by reference each and every paragraph set forth above as if fully set forth herein.

77.     At all relevant times, Plaintiff was an "employee" under the NYSHRL.  *See* Executive Law § 296-d ("An employer may be held liable to a non-employee who is a contractor, subcontractor…").

78.     Defendants' foregoing actions violated rights guaranteed to Plaintiff under the NYSHRL in that they subjected Plaintiff to discrimination on the basis of her sex.

79.     As a direct and proximate result of Defendants' violations of the Fourteenth Amendments, Plaintiff suffered, and will continue to suffer damages in an amount subject to proof at trial.

80.     Plaintiff is entitled to monetary, compensatory, and punitive damages from Defendants, in addition to attorneys' fees, costs, and prejudgment interest.

**FIFTH CAUSE OF ACTION**
**Aiding and Abetting Discrimination and Retaliation in Violation of**
**New York State Human Rights Law, New York Executive Law §§ 290, 296**
**(Against Defendants Sherrod and Heubusch)**

81.     Plaintiff hereby incorporates by reference each and every paragraph set forth above as if fully set forth herein.

82.     At all relevant times, Plaintiff was an "employee" under the NYSHRL.  *See* Executive Law § 296-d ("An employer may be held liable to a non-employee who is a contractor, subcontractor…").

83.     Defendants Sherrod and Heubusch are "aiders and abettors" pursuant to N.Y. Exec. Law. § 296(6) and therefore may be held liable under the NYSHRL.

84.     Defendants Sherrod and Heubusch aided and abetted others in subjecting Plaintiff to discrimination and retaliation on the basis of her sex.

85.     As a direct and proximate result of Defendants' violations of the Fourteenth

13

Amendments, Plaintiff suffered, and will continue to suffer damages in an amount subject to proof at trial.

86.     Plaintiff is entitled to monetary, compensatory, and punitive damages from Defendants, in addition to attorneys' fees, costs, and prejudgment interest.

**SIXTH CAUSE OF ACTION**
**Breach of Contract**
**(Against Defendants County of Genesee, GCSO, City of Batavia, and BPD)**

87.     Plaintiff hereby incorporates by reference each and every paragraph set forth above as if fully set forth herein.

88.     Plaintiff entered into a contract with Defendants County of Genesee and GCSO by applying to and being included on the GCSO Tow Rotation List.

89.     The terms of the agreement between Plaintiff and Defendants County of Genesee/GCSO and City of Batavia/BPD are enumerated in the Policy, which references and contains a "Towing Service Agreement" which lists the terms Plaintiff must perform.  *See* Ex. A, § III(B), pp. 2, 6-8.

90.     Plaintiff adequately performed all of the terms required by the agreement.

91.     Defendants County of Genesee/GCSO materially breached the contract by failing to administer the mandated procedure pursuant to the agreement which states, "[U]pon the need to have a vehicle towed, a Dispatcher, or a Deputy, shall refer to the towing agency next on the List, and contact the nearest available towing service.  Calls for towing service shall be rotated to insure equitable distribution." *See* Ex. A, § III(H), p. 3.

92.     Defendants City of Batavia/BPD materially breached the contract by failing to administer the mandated procedure pursuant to the agreement which states, "[U]pon the need to have a vehicle towed, a Dispatcher, or a Deputy, shall refer to the towing agency next on the List, and contact the nearest available towing service.  Calls for towing service shall be rotated to insure equitable distribution." *See* Ex. A, § III(H), p. 3.

93.     Defendants City of Batavia/BPD material breached the contract by removing Parise's from the BPD Tow Rotation List without cause.  The agreement specifically references that a "towing service may be removed from the list for cause." *Id.* at Defendants County of Genesee/GCSO materially breached the contract by failing to administer the mandated procedure pursuant to the agreement which states, "[U]pon the need to have a vehicle towed, a Dispatcher, or a Deputy, shall refer to the towing agency next on the List, and contact the nearest available towing service.  Calls for towing service shall be rotated to insure equitable distribution." *See* Ex. A, § III(L), p. 4.

94.     As a direct and proximate result of Defendants' material breaches of contract, Plaintiff suffered, and will continue to suffer damages in an amount subject to proof at trial.

## RELIEF SOUGHT

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in her favor, and against Defendants, and prays for relief as follows:

a.  An Order granting Plaintiff compensatory damages in an amount to be determined at trial;

b.  An Order granting Plaintiff punitive damages;

c.  An Order awarding Plaintiff pre-judgment and post-judgment interest;

d.  An Order awarding Plaintiff costs and expenses, including reasonable attorneys' fees;

e.  An Order declaring that Defendants violated Plaintiff's First and Fourteenth Amendment rights;

f.  An Order compelling Defendants to cease and desist discriminating against women-owned businesses;

g.  An Order awarding such other and further relief as this Court may deem just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL ISSUES HEREIN TRIABLE.

Dated: July 24, 2026
      Buffalo, New York

                                   **LIPSITZ GREEN SCIME CAMBRIA LLP**

                                   */s/ Anthony R. Faraco, Jr.*
                                   Anthony R. Faraco, Jr., Esq.
                                   *Attorneys for Elaina Dickinson*
                                   42 Delaware Avenue
                                   Buffalo, New York 14202
                                   Phone: (716) 849-1333
                                   Email: afaraco@lglaw.com